

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/09/2008

| | | |
|---|---|---|
| IN RE: | § | |
| VICTORVILLE AEROSPACE, LLC; dba | § | CASE NO: 08-35790 |
| LIBERTY WEST | § | |
| | § | |
| VAL HOLDINGS, LLC | § | CASE NO: 08-35785 |
| | § | |
| | § | Jointly Administered Order |
| Debtor(s) | § | |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

### Summary

Planetechs, LLC ("Planetechs"), a creditor of Victorville Aerospace, LLC ("Victorville"), requests this Court to transfer venue to a California bankruptcy court. Planetechs contends that a California venue would be more convenient to the parties and in the interest of justice because Debtors' business operations, lawsuits filed by and against Debtors, and a number of Debtors' creditors, are located in California. However, Debtors and parties to Debtors' bankruptcy case also have substantial ties to Houston, Texas. Based on the evidence presented, the Court finds that Planetechs has not met its burden. The Court denies Planetechs' motion to transfer venue.

### Background

On September 1, 2008, VAL Holdings, LLC ("VAL") and Victorville, filed separate chapter 11 bankruptcy petitions in the Southern District of Texas, Houston Division. On September 10, 2008, the cases were consolidated under the VAL bankruptcy case.

Victorville specializes in maintenance, repair, and overhaul of commercial airplanes. Victorville has three lines of business: heavy maintenance, line maintenance, and a storage program. Heavy maintenance involves substantial overhauls that may take from two weeks to

1

ninety days. Line maintenance involves largely emergency repairs that may take hours to two weeks. Under the storage program, Victorville stores planes for six to twelve months and performs periodic maintenance checks. Victorville carries out its business within six hangers. At any given time, Victorville has three to seven planes on site and employs approximately 200 people.

VAL owns 100% of Victorville and the Victorville stock is VAL's only asset other than $1,000 in a bank account.

Both Victorville and VAL have substantial connections to California and Texas.

Victorville is located in San Bernardino County, California. The majority of Victorville's creditors are located in California, but the creditors most likely to be active in the bankruptcy case reside in Texas. Victorville lists four secured creditors. None are located in California. The largest secured creditor, and by far the largest overall creditor of Victorville, is Asgard Resources, LLC ("Asgard"), located in Houston, Texas. Victorville's amended schedule F lists twenty-five unsecured creditors. Thirteen of the unsecured creditors are located in California. Two of the unsecured creditors are located in Texas.

Victorville is also involved in seven lawsuits filed in a California state court. Victorville is a defendant in two of the lawsuits. One lawsuit was filed by William Gravin ("Gravin"), asserting various contract claims and alleging a 65% ownership of VAL. Gravin filed an $850,000 proof of claim based on the lawsuit. The second lawsuit was filed by movant Planetechs. Victorville is the plaintiff in the remaining five lawsuits. Two of the lawsuits were filed against bankrupt airlines and have been stayed by the bankruptcy filings of those airlines.

Trevor Van Horn ("Van Horn") is the president of both Victorville and VAL. Van Horn resides in California.

VAL is located in Houston, Texas. The majority, and most important, of VAL's creditors and owners are located in Houston. VAL has no scheduled secured creditors and five unsecured creditors. Three of the unsecured creditors are located in Texas. The only unsecured creditor located in California is Victorville, asserting a $11,500 claim. The remaining unsecured creditor is Mr. Gravin. VAL lists Gravin's claim as disputed. VAL is owned by two limited liability corporations and two individuals. The corporations, including the majority owner holding 56% of VAL's stock, is located in Houston, Texas. The individual owners are located in Los Osos, California.

On October 3, 2008, Planetechs filed a motion to transfer Debtors' bankruptcy case to California (docket #26). Planetechs' motion was joined by creditors Graven (docket #39), Luzair Transportes Aereos S.A. (docket #51), and Southern California Logistics Airport Authority (docket #62). Debtors and Asgard filed motions in opposition (docket ##42, 45) and were joined by creditors Flagship Promotional Services, PR Squared, LLC, and Steve Reinmund (docket #49).

On November 13, 2008, the Court held an evidentiary hearing on the motions to transfer venue. At the hearing's conclusion, the Court orally announced its findings. On November 14, 2008, the Court issued an Order denying the motions to transfer venue. This Memorandum Opinion memorializes and supplements the legal and factual conclusions the Court announced during the November 13 hearing. To the extent of any inconsistency, this Memorandum governs.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Law**

Section 1408 of Title 28 of the United States Code is the general venue statute that controls where a bankruptcy case may be filed in the first instance. Section 1408 generally provides that a bankruptcy case may be filed in the district in which the debtor retains a domicile, residence, principal place of business or assets, or in which there is a pending bankruptcy case filed by the debtor's affiliate, general partner, or partnership. Section 101(2) of the Bankruptcy Code defines affiliate and includes within that definition entities who own 20 percent or more of a debtor. 11 U.S.C. § 101(2). VAL's domicile, principal place of business, and assets are located in Houston, Texas. VAL owns 100% of Victorville. VAL is an affiliate of Victorville. No one contends that Debtors' bankruptcy petitions were not properly filed in the Southern District of Texas.

Where a bankruptcy case *may* be filed is a separate question from where a bankruptcy case *should* be filed. Title 28 of the United States Code contains two venue provisions. Section 1404(a) is the general venue statute applicable to civil cases filed in an appropriate district court venue.[1] Section 1412 is a venue provision specific to bankruptcy cases.[2] The only difference

---

[1] Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Section 1406(a) governs transfers of venue for cases initially filed in an improper venue. Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[2] Section 1412 provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

4

between the statutes is that § 1404(a) adds an additional restriction, providing that an action may only be transferred to a court in which venue would have been valid in the first instance. *Sabre Techs., L.P. v TSM Skyline Exhibits, Inc.*, 2008 WL 4330898 (D. Tex. Sept. 18, 2008) (citing *City of Liberal v. Trailmobile Corp.*, 316 B.R. 358, 362 (D. Kan. 2004)). Both grant courts the discretion to transfer an action "for the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. §§ 1404(a), 1412. *See also* Fed. R. Bankr. P. 1014.[3] Considering the nearly identical language in § 1404(a) and § 1412, courts have generally applied the same analysis to both. *Sabre Techs., L.P.*, 20008 WL at *8 (citing 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD D. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3843 at 26 (3d ed. 2007)); *Norton v. Encompass Servs. Corp.*, 301 B.R. 836, 839 (D. Tex. 2003). Accordingly, the Court applies case law interpreting § 1404(a) to the instant dispute.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)); *In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004).

"The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege" to choose a venue "by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008).

---

[3] Rule 1014(a)(1) provides: "If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties." Fed. R. Bankr. P. 1014(a)(1).

Courts consider private and public interest factors when determining whether transferring venue is for the convenience of parties and witnesses and in the interest of justice. *Id.* at *8 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.,* 321 F.2d 53, 56 (5th Cir. 1963)).

The private interest factors are as follows:

> (1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;
> (3) the cost of attendance for willing witnesses; and
> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*In re Volkswagen of Am.*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

The public interest factors are as follows:

> (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized interests decided at home;
> (3) the familiarity of the forum with the law that will govern the case;
> (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.*[4]

---

[4] The Court notes that some courts have considered six separate factors under § 1412 based on a Fifth Circuit Opinion. *Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co. (In re Commonwealth Oil Refining Co.)*, 596 F.2d 1239 (5th Cir. 1979). The Court declines this approach. The Court considers the six factors analyzed in *Commonweatlh* under the eight factor framework used to consider transfer under § 1404 and to the extent that movants contended that the factors suggested a California venue would be more convenient or in the interest of justice. However, the Court does not read *Commonwealth* as articulating a six factor analysis for bankruptcy cases that should supplant the eight factor analysis under § 1404. The *Commonwealth* Court did not articulate an independent framework of factors to use when analyzing motions to transfer venue under § 1412. The Court did not even consider § 1412, and, in fact, could not. *Commonwealth* was issued before § 1412 was enacted. Instead, the *Commonwealth* Opinion considered a motion to transfer under Bankruptcy Rule 116(b)(1), which was subsequently replaced by Rule 1014. *Id*. at 124. Nor did *Commonwealth* set forth independent venue factors for bankruptcy courts under the then operative Rule 116(b)(1) and § 1472. Rather, the Court recited six factors the bankruptcy court used to consider the motion. *Id*. at 1247–48. The Court held that the bankruptcy court did not abuse its discretion by considering those factors or by reaching the conclusion it did based on its analysis of those factors. *Id.* at 1247. The Court never stated or even suggested that the six factors considered by the bankruptcy court should be the new venue factors to be considered in bankruptcy courts. Indeed, after evaluating the bankruptcy court's factors, the Fifth Circuit went on to consider the traditional venue factors, such as the court's familiarity with the law to be applied and the local interests of the particular forum states. *Id*. at 1248.

The language of § 1404(a) and § 1412 are nearly identical. The differences do not suggest a different analytical framework was intended. The differences between a bankruptcy case and an ordinary civil suit mean that different facts will have more or less of an impact. But there is nothing inherent about a bankruptcy case and nothing within

6

No single factor carries dispositive weight. *Id*. Nor are the factors "necessarily exhaustive or exclusive." *Id*.

The debtor's choice of forum is not a factor considered in the above analysis. Rather, the debtor's choice is given weight by placing the evidentiary burden on the party moving for transfer. *In re Volkswagen of Am.*, 545 F.3d at 314. The movant must establish "good cause" for transferring venue. *Id*. at 315. To establish "good cause," the movant must "clearly demonstrate that a transfer is '[for] the convenience of parties and witnesses, in the interest of justice." *Id*. Accordingly, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*.

## Analysis

The Court considers the weight of the private and public interest factors separately below.

### *i. Private Interest Factors*

The aggregate of the private interest factors weighs evenly in favor of a Texas and California venue.

#### a. Sources of Proof

Planetechs correctly notes that the vast majority of discovery would take place in California. Victorville's business operations, records, and management are all located in California. However, the location of discovery, alone, is irrelevant. Discovery will occur in California regardless of where Debtor's bankruptcy case is located.

---

§ 1412 that suggests a different framework should be used to consider motions to transfer venue filed in civil cases versus bankruptcy cases. Planetechs' responsive pleading conceded that the factors articulated in the Fifth Circuit's 2008 *In re Volkswagen of America* opinion apply to their motion. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008). Debtor also did not object to this Court's application of the *Volkswagen* factors. No party to Debtors' bankruptcy case objected to the application of *Volkswagen*.

Discovery may become a relevant convenience factor if discovery disputes arise. At this stage of the bankruptcy case, potential discovery disputes are speculative. No party has suggested what discovery will be required, let alone the nature of any future disputes. Nevertheless, the Court notes that if discovery disputes arise, and witnesses are required, the convenience concerns favor California. It would be easier for discovery witnesses to drive to a California bankruptcy court than to fly to Houston. However, if the discovery disputes only involve lawyers, convenience concerns favor Houston. As discussed latter in this Memorandum Opinion, the majority of lawyers, including the majority of the lawyers likely to be most active in the bankruptcy case, are located in Texas. It has been this Court's experience that most hearings concerning discovery disputes involve only lawyers.

On balance, the sources of proof factor is neutral to slightly favoring California.

### b. Compulsory Process

There is no evidence of any compulsory process issues. The most likely witnesses are either a party to a lawsuit involving Debtors or are employed by the Debtors. The Court has authority to order such individuals to appear before this Court.

This factor is irrelevant to this case.

### c. Cost of Attendance for Willing Witnesses

Planetechs noted three categories of potential witnesses: on-site employees, parties involved in the ownership dispute, and management. Victorville's on site employees may undertake their work in California, but they are nevertheless contract workers that are actually located throughout the country. Potential witnesses for an ownership dispute include Graven and Debtor's scheduled owners: NAG Financial, LLC ("NAG), Asgard, Ron Stotz, and David Graham. Graven resides in Arizona. NAG and Asgard reside in Texas. Stotz and Graham

8

reside in California. Van Horn, Debtor's president, resides in California. On balance, more potential witnesses are from California than elsewhere.

Though many important ownership and management witnesses reside in California, their inconvenience has little weight in this case. Any inconvenience to Debtors' owners or employees caused by a Houston venue would be borne by Debtors. Debtors prefer the Houston venue. None of the witnesses are employed by or under the control of any of the parties seeking California venue. The inconvenience to Debtors is voluntarily chosen by Debtors.

Moreover, the additional cost to Debtors is outweighed by the costs to Debtors that would be caused by transfer to California. Van Horn testified that the cost of obtaining new bankruptcy counsel in California would be significant and potentially fatal to the bankruptcy case. Though it may not be appropriate to balance a debtor's attorneys' costs against the inconvenience of non-debtor parties, such is not the case here. The Court is simply balancing debtor costs against other debtor costs.

Overall, the Court finds that the factor of witness costs is neutral to slightly favoring California.

### d. Other Practical Problems

Planetechs raises four additional concerns that the Court considers. Planetechs contends that California is a more convenient venue because of its proximity to pending lawsuits, parties' attorneys, due diligence professionals, and creditors.

Debtors are involved in seven pending lawsuits, all filed in San Bernardino County, California. Debtors are defendants in lawsuits filed by Graven and Planetechs, and Victorville is a plaintiff in the remaining five suits. Two of the lawsuits filed by Victorville are currently stayed by bankruptcy courts in jurisdictions other than California and Texas.

9

The location of the bankruptcy case is irrelevant to the location of the lawsuits. There is no evidence that the lawsuits will be removed. Even if the lawsuits are removed, they will be removed to the California District Court, regardless of the location of the bankruptcy case.

To date, most attorneys retained by parties reside in Texas. Attorneys for Debtors, and creditors Asgard, Jim Worsham, AOG, Flagship Promotional Services, PR Squared, LLC, Steve Reinmund, and Government Support Services, Inc., are located in Texas. Attorneys for creditors CLP Resources, Inc., and Planetechs are located in both Texas and a state other than California. Attorneys for creditors Graven, Luzair Transportes Aereos S.A., and the Southern California Logistics Airport Authority are located in California. Attorneys for creditor Government Support Services, Inc. are located in a state other than California or Texas. Debtors and Asgard, the parties that will be most active in this case, have attorneys located in Texas.

Planetechs introduced no evidence indicating what due diligence would be undertaken or where due diligence professionals would be located. Due diligence professionals are located in every state.

The location of creditors is neutral to a Houston venue. Of the 25 listed unsecured creditors, thirteen are located in California. Two are located in Texas, and the remaining 10 are located in other states. The most significant unsecured claims were filed by creditors located in diverse states. Two unsecured creditors filed claims for over $1,000,000. One resides in California, and one in Virginia. Four unsecured creditors filed claims for over $100,000. One resides in Texas, one in Arizona, one in California, and one in Georgia. Of the four listed secured creditors, none are located in California. Asgard, the largest secured creditor and largest overall creditor, asserting a $12,625,773.54 claim, resides in Houston, Texas. Although more

creditors are located in California than any other location, the biggest creditors, and therefore, the creditors most likely to participate, are located in Houston.[5]

Movants contend that the Court should give less weight to Asgard's claim because it may be subject to subordination. However, this contention is wholly speculative. Movants introduced no evidence suggesting that any party had a meritorious subordination claim under § 510. The only evidence is that Asgard is an insider of the Debtor. However, the mere fact that Asgard is an insider is insufficient to subordinate under § 510. The movant must demonstrate inequitable conduct. 11 U.S.C. § 510(c); *Fabricators, Inc. v. Technical Fabricators, Inc. (In re Fabricators, Inc.)*, 926 F.2d 1458, 1464–65 (5th Cir. 1991). No one has alleged that Asgard engaged in any inequitable conduct.[6]

Overall, this factor slightly favors a Houston venue.

### ii. Public Interest Factors

The aggregate of the public interest factors weighs evenly in favor of a Texas and California venue.

#### a. Administrative Difficulties

The Houston economy has fared better than most during the recent economic difficulties. This Court does not have an overburdening case load such that court congestion would impair administration of this case.

---

[5] The Court notes that the Fifth Circuit in *Commonwealth* held that it was inappropriate to give more weight to the location of creditors holding the largest claims. *In re Commonwealth*, 596 F.2d at 1248. The Fifth Circuit noted that a debtor cannot confirm a plan without the vote of a majority of creditors, in addition to the vote of creditors holding a majority of amounts claimed against the debtor. *Id*. This Court does not give more weight to the convenience of the largest creditors. The Court gives equal weight to the fact that the majority of creditors reside in California and the fact that the majority of creditors likely to be most involved in the bankruptcy case reside in Texas. Balancing the interest of the majority of creditors with that of the most significant creditors leads to a neutral result. Neither a California nor a Texas forum is more or less convenient to creditors.

[6] Moreover, the subordination argument would be must efficiently heard by this Court. The potential parties have closer ties to Houston than California. Asgard is located in Houston. Graven, a likely party to the claim, resides in Arizona. Art Grider, VAL's former president, would likely be the most significant witness for this proceeding. Grider resides in Houston.

11

**b. Local Interest**

No party or public agency has introduced any evidence with respect to state police or regulatory issues that may be affected by Debtor's bankruptcy case.

**c. Familiarity with the Law**

Planetechs has offered no evidence that Debtor's bankruptcy case will require the consideration of any unique laws. At most, the Court may be required to consider contract claims under California state law. This Court has recently issued three lengthy Opinions interpreting and applying California contract law. *In Re Magna Cum Latte, Inc.*, 2008 WL 2047937 (Bankr. S.D. Tex. May 9, 2008); *In re Magna Cum Latte, Inc.*, 2007 WL 4412143 (Bankr. S.D. Tex. Dec. 13, 2007); *In re Magna Cum Latte, Inc.*, 2007 WL 3231633 (Bankr. S.D. Tex. Oct. 30, 2007).

**d. Conflict of Law Issues**

No party has suggested that this Court's retention of jurisdiction would give rise to conflict of law issues or the need to apply foreign law.

*iii. Other Factors*

Planetechs has introduced no evidence of additional private or public interests factors that would suggest a California forum would be more convenient for the parties or in the interest of justice.

**Conclusion**

The aggregate of both the public and private interest factors weighs evenly in favor of a Houston and California venue. Movants bear the burden of "clearly establishing" that transfer of

venue is warranted. *In re Volkswagen of Am.*, 545 F.3d at 315. Movants have not met their burden. Accordingly, the Court denies Planetechs' Motion to Transfer Venue (docket no. 26).

Signed at Houston, Texas, on December 9, 2008.

MARVIN ISGUR
United States Bankruptcy Judge